**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **TERRY CLOTZ,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**MOBILEHELP, LLC**, a Florida company,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Terry Clotz ("Plaintiff" or "Clotz") brings this Class Action Complaint and Demand for Jury Trial against Defendant MobileHelp, LLC ("Defendant" or "MobileHelp") to stop the Defendant from violating the Telephone Consumer Protection Act by making pre-recorded telemarketing calls to consumers without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Clotz, for this Complaint, alleges as follows upon personal knowledge as to himself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### PARTIES

1. Plaintiff Terry Clotz is a resident of this District.

2. Defendant MobileHelp is a limited liability company headquartered in Boca Raton, Florida. Defendant MobileHelp conducts business throughout this District, Florida, and the US.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant because the Defendant has made telemarketing calls into this District.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant because the wrongful conduct giving rise to this case was directed into this District.

## INTRODUCTION AND COMMON ALLEGATIONS

6. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. Defendant MobileHelp sells medical alert systems to consumers.

8. Defendant MobileHelp makes cold calls to prospective consumers to see if they are interested in buying Defendant's products or services.

9. Defendant MobileHelp uses pre-recorded voice message calls, despite having never obtained the necessary consent required to place the calls.

10. For example, in Plaintiff Clotz's case, the Defendant placed multiple pre-recorded calls to Clotz's cell phone despite the fact that Clotz never consented to receive such calls.

11. There are numerous complaints posted online about unsolicited telemarketing calls consumers received from or on behalf of Defendant MobileHelp, including pre-recorded voice message calls, for instance:

- 

    > Telemarketer reported by SIA User
    > trying to sale medical alert crap

    > Company reported by SIA User
    > Mobile help, medical alert device, (www.mobilehelp.com)

    > Company reported by SIA User
    > Mobile Help

    > tried to call back and call won't go through, unauthorized to mak (Nuisance call) reported by SKC
    > tried to call back and call won't go through, unauthorized to make call !!! what??? this has to stop!!!![1]

- "DO NOT CALL THIS COMPANY FOR ANYTHING! I made one phone call to them to ask about their products (their prices were ridiculously high so I was NOT interested), and since that one call, they have phoned me every single day (now it is up to twice per day with a recorded message!). This is harassment! I don't answer their calls (thank goodness for caller ID) and I have requested them to STOP calling me on their page but they continue. Obviously, if I wanted their products, I would answer the phone. A company should not be allowed to harass prospective customers in this way. I am now checking to see who I need to contact to report this harassment."[2]

12. Defendant MobileHelp hires employees to engage in cold calling, including using dialers with the capacity to deliver prerecorded voice messages, without ever obtaining their prior express written to place such calls:

- This job post by Defendant MobileHelp, on their website (https://www.mobilehelp.com/pages/careers) for the role of Sales Consultant seeks to hire people with "proven successful call center sales experience. (Five9 dialer experience is a plus)", who "enjoys interacting with customers over the phone."

---

[1] https://www.shouldianswer.com/phone-number/8008001710
[2] https://www.bbb.org/us/fl/boca-raton/profile/medical-alarm/mobilehelp-0633-92017186/customer-reviews

Defendant MobileHelp "provides the leads" to the sales consultant who "would be responsible for closing inbound and outbound sales.."[3]

13. In response to these calls, Plaintiff Clotz files this lawsuit seeking injunctive relief requiring the Defendant to cease from violating the Telephone Consumer Protection Act, as well as an award of statutory damages to the members of the Classes and costs.

## PLAINTIFF CLOTZ'S ALLEGATIONS

14. Plaintiff Clotz registered his residential phone number with the National Do Not Call Registry on January 27, 2018.

15. Despite this, the Plaintiff received a pre-recorded call from the Defendant on July 18, 2022.

16. The pre-recorded message advertised medical alert services.

17. These are services that Mobile Help offers.

18. The call was pre-recorded because there was an audible click and delay before a generic recorded message played.

19. Following the pre-recorded message, the Plaintiff spoke with an agent by the name of "Allen".

20. "Allen" provided a call back number of 800-800-1710.

21. This number goes to MobileHelp.

22. The unauthorized solicitation telephone calls that Plaintiff received from Defendant have harmed Plaintiff Clotz in the form of annoyance, nuisance, and invasion of privacy, in

---

[3] https://workforcenow.adp.com/mascsr/default/mdf/recruitment/recruitment.html?cid=918dc462-eea5-46d1-ad0e-ef7ac109fb1c&ccId=19000101_000001&jobId=394478&lang=en_US&source=CC4

addition to the wear and tear on the phone's hardware (including the phone's battery), the consumption of memory on the phone.

23. Seeking redress for these injuries, Plaintiff Clotz, on behalf of himself and the class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

24. Plaintiff Clotz brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Classes:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant MobileHelp, or any third party acting on their behalf, called (2) on their cellular telephone number (3) using the same or a similar artificial or pre-recorded voice messages used to call Plaintiff.

25. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Clotz anticipates the need to amend the Class definition following appropriate discovery.

26. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

27. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant MobileHelp or its agents placed pre-recorded voice message calls to Plaintiff Clotz and members of the Pre-recorded No Consent Class without first obtaining the express written consent to make the calls;

(b) whether the calls constitute a violation of the TCPA;

(c) whether Class members are entitled to an injunction against Defendant preventing it from making unsolicited prerecorded calls; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

28. **Adequate Representation**: Plaintiff Clotz will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Clotz has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Clotz and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Clotz nor her counsel have any interest adverse to the Class.

29. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff Clotz. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## COUNT I
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff Clotz and the Pre-recorded No Consent Class)

30. Plaintiff Clotz repeats and realleges the prior paragraphs and incorporates them by reference herein.

31. Defendant MobileHelp and/or its agents transmitted unwanted telephone calls to Plaintiff Clotz and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

32. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff Clotz and the other members of the Pre-recorded No Consent Class.

33. The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff Clotz and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing her attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Clotz requests a jury trial.

Respectfully submitted,

THE LAW OFFICES OF BRIAN T. GILES, LLC

/s/ Brian T. Giles
Brian T. Giles (OH Bar No. 0072806)
1470 Apple Hill Road
Cincinnati, Ohio 45230
513-379-2715;
Brian@gilesfirm.com
Attorney for TERRY CLOTZ, individually and on behalf of all others similarly situated

DATED this 15th day of November, 2022.